# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| ELIANA MOODY, | * | |
| | * | No. 16-513V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | |
| | * | Filed: December 10, 2018 |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Attorneys' fees and costs, |
| | * | Interim Award |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * *

<u>Sean Greenwood</u>, Houston, TX, for petitioner;
<u>Vo Johnson, Jr.</u>, United States Dep't of Justice, Washington, DC, for respondent.

**UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES
AND COSTS ON AN INTERIM BASIS[1]**

The petitioner, Eliana Moody, is pursuing a claim that the meningococcal conjugate vaccine caused her to suffer fibromyalgia and is seeking compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§300aa-10 through 34 (2018). While her claim is pending, Ms. Moody filed a motion for an award of attorneys' fees and costs on an interim basis. She is awarded $49,625.37.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

## **Procedural History**

The billing records show that Ms. Moody's counsel, Sean Greenwood, began working on the case in September 2015.  Exhibit 47 (timesheets).  The petition was filed on April 26, 2016.[2]  Ms. Moody later filed medical records.

The Secretary reviewed this material, and recommended against compensation.  Resp't's Rep., filed Feb. 24, 2017.  One problem was that Ms. Moody had not presented a medical record from a treating doctor or a medical opinion from a retained expert to support her claim.

Ms. Moody filed a report from Michael McCabe, Ph.D., on October 3, 2017.  Exhibit 20.  Mr. McCabe, who is not a medical doctor, indicated that the immediate adverse reaction that Ms. Moody exhibited in response to the vaccination was consistent with documented side effects to the vaccine.

In response, the Secretary filed reports from two experts: Carlos Rose, M.D., and Deborah Anderson, Ph.D.  Exhibits A and F.  Ms. Anderson, who is a psychologist but not a physician, opined that Ms. Moody had evidence of preexisting psychological distress and that the pre-existing factors may have contributed to her development of fibromyalgia.

After Ms. Anderson raised Ms. Moody's psychological health prior to the vaccination into question, Ms. Moody retained a second expert.  She filed a report from Dr. Tracey Marks on August 9, 2018.  Exhibit 37.  She also added a supplemental report from Mr. McCabe.  Exhibit 53.

In the meantime, Ms. Moody filed the pending motion for an award of attorneys' fees and costs on September 4, 2018.  Ms. Moody supported her motion with various affidavits and other documents.  See exhibits 47-53.  Ms. Moody requested $56,957.87, comprised $41,690.90 in attorneys' fees and $15,266.97 in attorneys' costs.  Ms. Moody did not incur any costs personally.  In his response, the Secretary did not object to petitioners' request. Resp't's Resp., filed Oct. 2, 2018, at 2.  Instead, respondent stated that he "defers to the Special Master to determine whether or not petitioners have met the legal standard for an interim fees

---

[2] When the petition was filed, the petitioner was Ms. Moody's father, because Ms. Moody was below the age of majority.  In due course, Ms. Moody became the petitioner.  For sake of simplicity, this decision treats Ms. Moody as the petitioner throughout.

2

and costs award" and recommended that the undersigned "exercise his discretion" in determining a reasonable award for attorneys' fees and costs, if any, at this time. Id. at 3.

## Analysis

The parties' briefs raise a series of sequential questions, each of which requires an affirmative answer to the previous question. First, whether Ms. Moody is eligible under the Vaccine Act to receive an award of attorneys' fees and costs? Second, whether, as a matter of discretion, Ms. Moody should be awarded her attorneys' fees and costs on an interim basis? Third, what is a reasonable amount of attorneys' fees and costs? These questions are addressed below.

**1. Eligibility for An Award of Attorneys' Fees and Costs**

As an initial matter, interim fee awards are available in Vaccine Act cases. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008).

However, since Ms. Moody has not received compensation from the Program, she may be awarded "compensation to cover petitioner's reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim." 42 U.S.C. § 300aa-15(e)(1).

As the Federal Circuit has stated, "good faith" and "reasonable basis" are two separate elements that must be met for a petitioner to be eligible for attorneys' fees and costs. Simmons v. Sec'y of Health & Human Servs., 875 F.3d 632, 635 (Fed. Cir. 2017).

"Good faith" is a subjective standard. Id.; Hamrick v. Sec'y of Health & Human Servs., No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007). A petitioner acts in "good faith" if he or she honestly believes that a vaccine injury occurred. Turner v. Sec'y of Health & Human Servs., No. 99-544V, 2007 WL 4410030, at * 5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). The Secretary has not challenged petitioner's good faith here, and the undersigned has little doubt that petitioner brought the claim with an honest belief that a vaccine injury occurred.

In contrast to good faith, reasonable basis is purely an objective evaluation of the weight of the evidence. Simmons, 875 F.3d at 636. Because evidence is "objective," the Federal Circuit's description is consistent with viewing the reasonable basis standard as creating a test that petitioners meet by submitting

3

evidence.  See Chuisano v. Sec'y of Health & Human Servs., No. 07-452V, 2013 WL 6234660 at *12-13 (Fed. Cl. Spec. Mstr. Oct. 25, 2013) (explaining that reasonable basis is met with evidence), mot. for rev. denied, 116 Fed. Cl. 276 (2014).

Most of the guidance provided by the Federal Circuit and judges of the Court of Federal Claims have focused on what reasonable basis *is not*.  A petition based purely on "unsupported speculation," even speculation by a medical expert, is not sufficient to find a reasonable basis.  Perreira v. Sec'y of Dep't of Health & Human Servs., 33 F.3d 1375, 1377 (Fed. Cir. 1994) ("Congress must not have intended that every claimant, whether being compensated or not under the Vaccine Act, collect attorney fees and costs by merely having an expert state an unsupported opinion that the vaccine was the cause in-fact of the injury").  As another example, when "the medical and other written records contradict the claims brought forth in the petition," a special master is not arbitrary in concluding that reasonable basis for the petition did not exist.  Murphy v. Sec'y of Dep't of Health & Human Servs., 30 Fed. Cl. 60, 62 (1993), aff'd without opinion, 48 F.3d 1236 (Fed. Cir. 1995) (table).

The evidence in the record supports the conclusion that Ms. Moody is, at this time, proceeding with a reasonable basis for bringing her petition.  The medical records show that Ms. Moody experienced an immediate reaction to her vaccination and presented to the emergency department complaining of shoulder and back pain the evening after the vaccine was administered.  Resp't's Rep., filed Feb. 24, 2017, at 2.  The physicians treating her suspected that she suffered from an allergic reaction to the vaccine.  Id. at 3.  Approximately three months following the vaccination, a rheumatologist examining her noted that she did not have any medical problems prior to the date of vaccination and since then has suffered from chronic fatigue, vertigo, and nausea.  More recently, multiple treating physicians have diagnosed her with fibromyalgia and related disorders.  The records are also abreast with notes from treating physicians temporally associating Ms. Moody's disease to the vaccination.  Based on these records, Moody has presented reports from two experts that, together, associate the vaccination she received with the injuries she currently suffers from.

At this point in time, the combination of the medical records that corroborate many of Ms. Moody's alleged facts, the temporal proximity between the vaccination and the onset of her injuries, and the expert reports that are, facially, credible, provides her a reasonable basis for her claim.  See Chuisano v. United States, 116 Fed. Cl. 276, 287 (2014) (upholding the special master's finding that

evidence of a temporal relationship alone *without other evidence, such as an expert opinion,* is not sufficient to establish reasonable basis).[3]

## 2. Appropriateness of an Interim Award

When a petitioner meets the eligibility requirements for an award of attorneys' fees and costs on an interim basis, the special master has discretion to make such an award. See Rehn v. Sec'y of Health & Human Servs., 126 Fed. Cl. 86, 92 (2016) (even after good faith and reasonable basis have been established, the special master must determine "whether to exercise his or her discretion to award attorneys' fees and costs"); cf. Avera, 515 F.3d at 1352 (holding that even though permitted under the Vaccine Act, an interim award was not appropriate in that case). When determining the appropriateness of an interim award, the Federal Circuit has considered such factors as protracted proceedings, costly experts, and undue hardship. Shaw, 609 F.3d at 1375; Avera, 515 F.3d at 1352.

Though the Federal Circuit has not provided specificity with regards to what constitutes a "protracted proceeding" or "undue hardship," in the initial order issued in this case, the undersigned offered the suggestion that interim fees may be appropriate when the amount of attorneys' fees exceeds $30,000 and the case has been pending for more than 18 months. See order, issued Apr. 28, 2016, at 3. That guidance appeared reasonable then and it remains, in the undersigned's estimation, reasonable now. In addition, it is unlikely that an entitlement hearing in Ms. Moody's case will occur before 2020 and thus she faces much more than a "short delay" until she is eligible for a final fees award. For these reasons, the undersigned finds an interim award appropriate.

---

[3] The undersigned's conclusion that Ms. Moody's petition currently has a reasonable basis does not foreclose a conclusion at a later date that Ms. Moody's petition no longer has a reasonable basis. See Perreira, 33 F.3d at 1377 (noting that reasonable basis can be lost). The undersigned continues to hold some reservations about the basis for some of Mr. McCabe's conclusions that discuss how her vaccination may have caused her current condition. Those concerns will be addressed in the months and years ahead and do not rise to the level of undermining Ms. Moody's reasonable basis at this time.

5

**3. Reasonableness of Requested Amounts**

Ms. Moody seeks $41,690.90 in attorneys' fees and $15,266.97 in costs for a total of award of $56,957.87. Pet'r's Mot. at 1. The vast majority of the costs, $14,583.75, relates to invoices from Ms. Moody's expert witnesses. Id.

Under the Vaccine Act, a special master may award reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). Reasonable attorneys' fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended on litigation, the lodestar approach. Avera, 515 F.3d at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)); Saxton ex rel. v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). A petitioner's counsel in the Vaccine Program is paid the forum rate unless the bulk of the work is performed in a locale other than the forum (District of Columbia) and the local rate is significantly lower than the forum rate. Avera, 515 F.3d at 1349. If these two requirements are met, the Davis exception applies, and that petitioner's counsel is paid according to the local rate. Id.; see Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency, 169 F.3d 755, 757-60 (D.C. Cir. 1999).

The statutory requirement that only reasonable amounts be awarded applies to costs as well as fees. See Perriera v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Reasonable expert costs are calculated using the same lodestar method as is used when calculating attorneys' fees. Masias v. Sec'y of Health & Human Servs., No. 99-697V, 2009 WL 1838979, at *37 (Fed. Cl. Spec. Mstr. June 12, 2009).

**A. Attorneys' Fees**

**(1) *Hourly Rate for Mr. Greenwood***

Ms. Moody seeks an hourly rate of $325.00 for Mr. Greenwood for 2014-2017 and $337.00 for 2018. Mr. Greenwood's associate, Ms. Kayleigh Smith, charged $150 per hour prior to 2018, and $215 per hour subsequently. These rates were determined to be reasonable by Special Master Corcoran. See Johnson v. Sec'y of Health & Human Servs., No. 14-254V, 2018 WL 3991262, at *3 (Fed. Cl. Spec. Mstr. July 3, 2018). The undersigned agrees with Special Master Corcoran and finds them to be reasonable as well.

6

### (2) *Number of Hours Billed*

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).

On the whole, the undersigned is satisfied that the petitioner's invoice is reasonable. There are some tasks performed by the attorneys that are better characterized as paralegal work and even some tasks that are secretarial in nature, such as filing exhibits. See exhibit 47 at 3, 18. When performing work which could be performed by a paralegal, attorneys generally are paid for their time but at a paralegal rate. Secretarial work is generally not compensated as these hours are considered part of a firm's overhead cost. Bratcher v. United States, 136 Fed. Cl. 786, 796, reconsideration denied, 137 Fed. Cl. 645 (2018) (declining to reimburse attorneys for work even at paralegal rates when plaintiffs failed to demonstrate that the work was not "largely clerical or secretarial in nature"). To adjust for these entries, the undersigned reduces Ms. Moody's fees award by $1,000.

### B. Costs

Ms. Moody asks for $15,166.97 in costs. A small amount ($683.22) is for routine items such as obtaining medical records. These are reasonable.

The bulk of the costs are for obtaining reports from the experts. Reasonable expert fees are determined using the lodestar method, in which a reasonable hourly rate is multiplied by a reasonable number of hours. Caves v. Sec'y of Health & Human Servs., 111 Fed. Cl. 774, 779 (2013).

Ms. Moody asks that her experts be compensated as follows: at a rate of $490.00 per hour[4] for Mr. McCabe, and a rate of $350.00 to $425.00 per hour for Dr. Marks.

The undersigned has reviewed the argument and evidence in support of each expert's requested rates. While the undersigned finds Dr. Marks' rates reasonable based on her credentials, exhibit 38, and her affidavit in support of her requested rate, exhibit 50, the undersigned cannot say the same for Mr. McCabe. Mr. McCabe's requested rate of $490 per hour is, in the undersigned's experience, a

---

[4] Mr. McCabe utilized a research assistant for some of the work at an hourly rate of $220.00.

rate paid in the Vaccine Program to experts of only the highest caliber in terms of bona fides and the quality of their work. Based on the evidence in the record, Ms. Moody has not justified that nearly $500 per hour is a reasonable rate for Mr. McCabe. Accordingly, the undersigned will not address Mr. McCabe's invoice here. In her next fees motion, Ms. Moody can include the McCabe invoice again but should provide additional evidence in support of Mr. McCabe's requested rate.[5]

The undersigned finds the number of hours billed by both experts to be reasonable.

## Conclusion

The undersigned finds an interim award of attorneys' fees and costs appropriate at this time. Of the total amount of attorneys' fees requested ($41,690.90), Ms. Moody is awarded **$40,690.90.** Of the total amount of costs requested ($15,266.97), Ms. Moody is awarded **$8,934.47**. The undersigned will address Ms. Moody's request for $6,332.50 in expert costs for Mr. McCabe's work at a later date.

**Accordingly, the undersigned awards the total of $49,625.37 as a lump sum in the form of a check jointly payable to Ms. Moody and Ms. Moody's counsel, Sean Greenwood.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[5] As noted above, the undersigned continues to have some concerns about the quality of Mr. McCabe's reports. Because the quality of the expert's work is a factor that should be considered when determining the appropriate rate, in Mr. McCabe's case it will be beneficial to hear his testimony before making this determination. See Al-Uffi v. Sec'y of Health & Human Servs., No. 13-956V, 2015 WL 6181669, at *14 (Fed. Cl. Spec. Mstr. Sept. 30, 2015) (noting that interim expert costs may be awarded after a hearing).